IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RONNIE MILLER, #340298<br>a/k/a/ Brian Coles<br><br>    Plaintiff,<br><br>    v.<br><br>BALTIMORE COUNTY, MARYLAND<br><br>  and<br><br>JANE DOE, Police Officer<br><br>    Defendants. | *<br>*<br>*<br>*   CIVIL ACTION NO. WDQ-07-1505<br>*<br>*<br>*<br>* |

**MEMORANDUM**

Pending is a pro se Complaint for damages filed by Ronnie Miller, a/k/a/ Brian Coles, alleging civil rights violations under 42 U.S.C. §1983 and the Americans with Disabilities Act (ADA), 42 U.S. C. § 12132. Counsel for Defendants, Baltimore County Maryland and Officer Jane Doe, now identified as Corporal Dorothy Dupree, has filed a motion to dismiss or in the alternative for summary judgment with verified exhibits. Inasmuch as defendants rely on materials beyond the scope of the complaint, the Motion shall be construed as one for summary judgment pursuant to Fed. R. Civ. P. 56. A hearing is unnecessary. Upon review of the pleadings, exhibits, and applicable law, the Court finds that Defendants are entitled to summary judgment as a matter of law.

**Background**

The unverified Complaint arises from events incident to Plaintiff's arrest on September 5, 2005, at a Shopper's Food Warehouse supermarket in Baltimore County. Plaintiff, who is a paraplegic, was arrested for attempting to shoplift thirty-nine cans of baby formula by concealing them in a false bottom of his wheelchair.

Corporal Dorothy Dupree was dispatched to the scene after store employees notified the

police. In her declaration, Corporal Dupree states that Plaintiff had no identification and provided a false name and birth date, identifying himself to her as "Antwon Comes Beverly." Plaintiff was subsequently identified by his correct name Brian Rochelle Coles through the cellular phone in his possession at the time of his arrest.

The Baltimore County Police Maryland Field Manual directs officers to transport all handicapped individuals who are arrested with their medical equipment, including wheelchairs and crutches, to one of three handicapped-accessible precincts. Def. Ex. 2 , ¶ 4-4.6. The Manual instructs that the use of restraining devices on handicapped prisoners is to be decided on an individual basis. *See id.*

Plaintiff claims he was "handcuffed behind the back of my wheelchair and [the officer] tossed it the rear [sic] of a White Marsh Precinct Police car without no restraints to secure me from further injuries. I was lying face-down in the floor of the patrol car with wounds still exposed from a recent colostomy surgery. While Officer Jane Doe went to McDonald's for a break." Plaintiff avers that he suffered pain, aggravation and humiliation. Complaint, Part III..

Corporal Dupree states in her declaration that when she arrested Plaintiff she placed him in handcuffs, restraining his arms behind his back. "I determined that handcuffing the Plaintiff was necessary to ensure my safety because the Plaintiff had large leg braces and I did not know whether they were legitimate medical aids or devices that could potentially be used as weapons." Def. Ex. 1, ¶ 3. Dupree Decl. Plaintiff was then placed in the back seat of the police car and secured with a seatbelt. The wheelchair was placed in the trunk of the car. Plaintiff was transported to Precinct Nine, a handicap-accessible facility, for processing.

After processing, Corporal Dupree transported Plaintiff to the District Court for Baltimore County in Essex for bail review. Bail review was expedited because of Plaintiff's medical

conditions.  Following the bail review, Corporal Dupree then placed the handcuffs in front of his body, and seated him in the front passenger seat of the police car to transport him to the detention center.  Corporal Dupree secured Plaintiff with a seatbelt and placed his wheelchair in the trunk.

Corporal Dupree states that on the ride to the detention center she noticed Plaintiff appeared "unusually weak" and was resting his head against the car window.  Plaintiff repeatedly stated that he had medical needs and "could feel his sugar dropping." *Id*. at p.3,  ¶6.  Corporal Dupree asked whether Plaintiff needed to go to the hospital and he replied that he would be fine once he ate some food.  Corporal Dupree became concerned when Plaintiff's condition did not improve so she "decided to take him to a nearby McDonald's for some food.  I purchased the food at the drive-through window and the Plaintiff ate his meal on the way back to the detention center."  *See id.*

**Summary Judgment**

Summary judgment is granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  This does not mean that any factual dispute will defeat the motion.

> [T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Scott v. Harris*, _ U.S. _ , 127  S. Ct. 1769. 1775 (2007) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original)).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F. 3d 514, 525 (4th Cir. 2003).  The court should "view the evidence in the light most favorable to....the

nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

**I. Claims Against Corporal Dupree**

The Court recognizes Plaintiff is a pro se litigant and has liberally interpreted the Complaint to allege an excessive force claim. Claims of excessive force by pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997) (*en banc*). In order to prevail on an excessive force claim, Plaintiff must show that Defendant "inflicted unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). In determining whether the force used was unnecessary and excessive the Court must consider: 1) "the need for the application of force"; 2) "the relationship between the need and the amount of force that was used"; 3) "the extent of the injury inflicted," and 4) "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *United States v. Cobb*, 905 F. 2d 784, 789 (4th Cir. 1990). Additionally, Plaintiff must show that the injuries resulting from the force applied were more than *de minimis*. *See Riley*, 115 F. 3d at 1167.

Apart from his own statements, Plaintiff presents no evidence of injury. There is neither allegation nor documentation that Plaintiff filed an administrative remedy procedure request or other grievance against Corporal Dupree after his arrest or sought medical treatment after transport.

4

Further, Corporal Dupree's decision to initially handcuff Plaintiff from the back was reasonably based on the need to safely transport him for processing. Corporal Dupree did not know the extent of Plaintiff's physical disabilities, and Plaintiff lacked identification and had provided a false name. Corporal Dupree did not know whether Plaintiff was able use his leg braces as potential weapons, so she handcuffed him from the back and placed him in the back seat of the police car. Assuming all facts in the light most favorable to Plaintiff, there is no evidence presented to suggest that Corporal Dupree acted to frighten or degrade Plaintiff or that her actions were malicious or sadistic. Any inconvenience or pain Plaintiff may have sustained was de minimis, brief, and related to a legitimate law enforcement objective: safe transport of a detainee following arrest. Even when all inferences are drawn in favor of the nonmoving party to the extent supportable by the record, this claim satisfies the standard for summary judgment.

Plaintiff also claims without elaboration that this incident violated the ADA. The record demonstrates that Corporal Dupree acted in accordance with police department policy for handicapped detainees. Plaintiff does not claim that he was denied accessibility to services or programs in violation of Title II of the ADA. *See* 42 U.S.C. §12132. Accordingly, the claim against Corporal Dupree is unavailing.

**II.  Claims Against Baltimore County**

Although he names Baltimore County as a party defendant, Plaintiff asserts no factual predicate to render Baltimore County liable under 42 U.S.C. §1983. Plaintiff fails to allege the actions about which he complains resulted from official policy or custom, and the doctrine of respondeat superior or vicarious liability does not apply to §1983 proceedings. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 691 (1978). As a factual matter, because Plaintiff's claim for excessive force against Corporal Dupree has been determined without merit,

5

there is no factual basis for vicarious liability against Baltimore County.

In regard to his ADA claim, Plaintiff fails to allege and the record does not remotely suggest denial of access to programs or services by the County. Consequently, this conclusory claim is without merit.

## Conclusion

For the reasons stated herein, the Court concludes that when the evidence is viewed in the light most favorable to Plaintiff, no genuine issues of material fact remain and Defendants are entitled to summary judgment as a matter of law. The Court will grant Defendant's Motion for Summary Judgment by separate Order. Judgment will be entered in favor of Defendants and against Plaintiff.


| October 24, 2007 | /s/ |
|---|---|
| Date | William D. Quarles, Jr.<br>United States District Judge |